IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Evan Williams, #272018, | ) C/A No. 0:09-3333-SB-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Michelle Whitlock; Sandra Young, | ) |
| Defendants. | ) |

_____

      The plaintiff, Donald Evan Williams, ("Plaintiff"), a self represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate of the South Carolina Department of Corrections at the Allendale Correctional Facility, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff complains about his parole revocation and names as defendants two South Carolina probation officers whom he claims were deliberately indifferent and grossly negligent and who abused their "power." He seeks damages for "loss of wages and liberty up to the amount as set forth according to the Tort Claim Act."

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were

never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

When a state prisoner seeks monetary or declaratory relief alleging constitutional violations that would necessarily imply the invalidity of his or her conviction or sentence, and cannot establish that the underlying conviction or sentence has been invalidated, the sole federal remedy is a writ of habeas corpus, not a civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."); Edwards v. Balisok, 520 U.S. 641, 646 (1997); 28 U.S.C. § 2254.

To recover damages under 42 U.S.C. § 1983 based on an allegedly unconstitutional imprisonment, a plaintiff must show that the legality of the imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages based upon an allegedly illegal term of imprisonment that has not been so invalidated is not cognizable under § 1983. Id.

As the Supreme Court has stated, "[A] state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings), if success in that action would necessarily demonstrate the invalidity of

confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The question before this court is whether Plaintiff's claims in this § 1983 action necessarily demonstrate the invalidity of the decision of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") to revoke his parole. See Williams v. Consovoy, 453 F.3d 173, 177 (3rd Cir. 2006) (holding that prisoner may not attack the revocation of his parole via a § 1983 action because that revocation had not been rendered invalid); White v. Gittens, 121 F.3d 803, 807 (1st Cir.1997) (concluding that a § 1983 claim based on revocation of parole was barred by Heck). The court concludes that they do.

According to his Complaint, Plaintiff had several warrants issued for parole violations. For example, Plaintiff alleges in his Complaint that on one occasion he left the Lexington County probation office "due to an illness of the gentleman who gave [him] a ride." (Compl., Docket Entry 1 at 3.) On another occasion, the Plaintiff's girlfriend phoned the probation office complaining that the Plaintiff was calling her. Plaintiff states that he signed "a paper" that he would not call his girlfriend anymore. (Id.) According to the Complaint, Plaintiff was directed to report for an alcohol test. (Id. at 3-4.) Plaintiff states it "was not possible to be back in Lexington that day, and besides [Plaintiff] had just reported on the previous day, and did an alcohol test then." (Id. at 4.) Plaintiff alleges that his girlfriend called him and then "drove to Swansea [and] picked me up." (Id.) Plaintiff's girlfriend was stopped and charged with driving under suspension. Plaintiff, a passenger in the car, was charged with public intoxication. Plaintiff alleges that while he was in jail he had a seizure and was sent to the hospital. Upon returning to the jail he claims he was released without being charged. He alleges he subsequently posted bond for his girlfriend. Later that evening he and his girlfriend and another individual "went to a friend[']s house."

(Id.) Plaintiff claims the next thing he remembers is being arrested five miles from where he had been for "walking into someone[']s home." (Id.) Plaintiff alleges this happened because he had "been mugged, robbed, and put out of his vehicle by the house which [Plaintiff] walked into while being disoriented." (Id. at 5.) Plaintiff also states that he was charged with failing to report to his probation officer, but he claims he was not scheduled to be there. He also says he received parole violations for failure to pay some fees.

Plaintiff claims that all of the violations he was charged with "were without justification as [a] matter of law." (Id. at 6.) Plaintiff asserts he was never ordered by a court to refrain from contacting his girlfriend. Plaintiff states that the defendants were without "legal jurisdiction" to require this of him. (Id.) He also claims that he was never told by a judge to refrain from consuming alcoholic beverages. He also states that he was not ordered by any court to report weekly to the probation office and that the requirement to do so was an "enhanc[e]ment" by the defendants. (Id. at 7.) According to the Complaint, Plaintiff believes the defendants should not have issued a probation violation for him because of his arrest, since "this was a magistrate matter which was never [ad]judicated." (Id.) He further argues that he never had an opportunity to notify the defendants because of the mugging. In summary, Plaintiff states that while his "personal life may be somewhat 'dysfunctional' this in no way is a criminal offense nor is it within the official capacity of" the SCDPPPS, or the defendants to act as "social worker[s]." (Id. at 7-8.) Plaintiff states that the revocation is an infringement upon his Constitutional rights. (Id. at 8.)

Here, Plaintiff is directly challenging certain SCDPPPS employees' allegedly illegal actions that he claims were beyond their jurisdiction and resulted in revocation of his parole. Success on these claims would require him to demonstrate the invalidity of SCDPPPS's decision. Accordingly, this claim cannot be brought under § 1983 according

to the Supreme Court's holdings in <u>Wilkinson</u> and <u>Heck</u>. Plaintiff's remedy is to file a petition for a writ of habeas corpus after he files a direct appeal and fully exhausts his collateral state court remedies.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).